# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

WRENETTA BOWLING, )
                                  Plaintiff, )
v. ) Case No. CIV-11-283-FHS-SPS
MICHAEL J. ASTRUE, )
Commissioner of the Social )
Security Administration, )
                                  Defendant. )

## REPORT AND RECOMMENDATION

The claimant Wrenetta Bowling requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born July 11, 1963, and was forty-six years old at the time of the administrative hearing. (Tr. 32, 128). She attended school up to the ninth grade, which included special education classes, then obtained her GED in 1992. She has worked as a cashier, convenience store clerk, and home health aide. (Tr. 29, 37-38, 161). The claimant alleges that she has been unable to work since December 26, 2008 because of bipolar disorder, paranoid schizophrenia, anxiety, carpal tunnel syndrome, and back problems. (Tr. 154).

**Procedural History**

The claimant applied on January 5, 2009 for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. (Tr. 128-133). Her applications were denied. ALJ Trace Baldwin held an administrative hearing and determined the claimant was not disabled in a written opinion dated July 16, 2010. (Tr. 17-31). The Appeals Council denied review; thus, the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the ability to perform light work as defined in 20 C.F.R. §§

3

404.1567(b) and 416.967(b), *i. e.*, she could lift/carry 20 pounds occasionally and ten pounds frequently, and stand/walk/sit for 6 hours in an 8-hour workday, but he imposed the additional physical limitations of never pushing/pulling hand controls; never climbing ramps, ladders, ropes, stairs, or scaffolding; and never balancing, kneeling, crouching, crawling, or stooping. The ALJ imposed the further psychologically-based limitations of performing simple tasks, interacting with others in a superficial manner, and adapting to a work setting but not interacting with the general public. The ALJ also noted that because the claimant could perform light work, she could also perform sedentary work. (Tr. 22-23). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work she could perform, *e. g.*, laundry folder, cleaner, sander small parts, optical goods assembler, cutter and paster, and hand mounter. (Tr. 30).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the Medical Source Statements of her counselor, Beverly Barger, and (ii) by failing to identify work she is capable of performing even if she has the RFC for light work. The undersigned Magistrate Judge finds the claimant's second contention dispositive, and that the decision of the Commissioner should therefore be reversed.

The claimant testified at the administrative hearing as to her mental impairments, including her treatment at Bill Willis Community Mental Health and Substance Abuse Center. Additionally, she testified that her physical impairments included back pain that was rated at a 16% overall impairment and that it was so severe that she could not drive

4

long distances, as well as carpal tunnel syndrome that caused her hands to get numb and swell. (Tr. 39-53). The ALJ asked the vocational expert ("VE") whether there were any light jobs available in the regional or national economy with the additional restrictions that the claimant could not utilize hand controls, but had the unlimited ability to operate foot controls; could never climb ramps, ladders, ropes, stairs, or scaffolding; could never balance, crouch, crawl, or stoop; "have no manipulative visual communicative or environmental limitations"; as well as the non-exertional limitations of performing only simple tasks, the ability to interact with others in a superficial manner, the ability to relate to the general public, and the ability to adapt to a work setting. (Tr. 55-57). The VE responded that the claimant would be able to perform the light jobs of laundry folder, with a Dictionary of Occupational Title ("DOT") number of 369.687-018; cleaner, DOT number 323.687-014; assembler, DOT number 706.684-022; as well as the sedentary jobs of optical goods assembler, DOT number 713.687-018; cutter and paster, 249.587-014; and hand mounter, DOT number 976.684-018. (Tr. 55-58). The VE stated that the jobs described were consistent with the descriptions in the DOT. (Tr. 59). The claimant's attorney asked the VE several hypotheticals, including whether the claimant would be able to perform the jobs identified if she had only "less than occasional ability to push, pull, grasp or do find manipulation," or if the claimant had only occasional use of her hands in terms of gross manipulation and fingering. In response to both questions, the VE indicated that such limitations would eliminate all employment. (Tr. 59-60).

In his written decision, the ALJ included the limitation of never pushing/pulling hand controls but specifically rejected the claimant's attorney's proffered hypotheticals

5

from the administrative hearing. (Tr. 22, 30). The ALJ adopted the VE's testimony that the claimant could perform the jobs of laundry folder, cleaner, sander small parts, optical goods assembler, cutter and paster, and hand mounter, and stated that the VE's "testimony [wa]s consistent with the information contained in the [DOT]." (Tr. 30). The claimant notes that the DOT's Rules and Regulations do not define pushing and pulling, but are instead limited to defining reaching, handling, fingering, and feeling, and that each of the jobs identified by the VE required frequent reaching or handling. She thus argues that the ALJ erred in relying on the VE's testimony because the VE did not make the ALJ aware that the pushing/pulling limitation was not identified in the DOT, and the jobs identified *did involve* pushing and/or pulling hand controls.

Under Social Security Ruling 00-4p, "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704 at *4 (SSA 2000) [emphasis added]. Although the VE testified that there was no conflict between his testimony and the DOT, there *is* a conflict that the ALJ was required to resolve. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

First, a conflict exists here because the six jobs the VE identified *all* require frequent reaching and handling, as well as either frequent or occasional fingering. DICOT §§ 369.687-018, 323.687-014, 706.684-022, 713.687-018, 249.587-014, 976.684-018. *See Herbert v. Barnhart*, 2002 WL 31180762 at *8-9 (D. Kan. Sept. 19, 2002) (reversing and remanding to ALJ, partially because the identified jobs of cashier and ticket seller required frequent reaching, handling, and fingering which appeared to be in conflict with the claimant's RFC restrictions from rapid, repetitive use of hand controls) [unpublished opinion]. The ALJ failed to ask the VE to reconcile this conflict or clarify how the DOT could be applied to the limitation on hand controls, and the ALJ therefore committed reversible error in violation of this court's holding in *Haddock*. *See also Krueger v. Astrue*, 337 Fed. Appx. 758, 760-762 (10th Cir. 2009) (reversing and remanding in part because ALJ failed to resolve conflict between VE's testimony and DOT job descriptions); *Hackett v. Barnhart*, 395 F.3d 1168, 1175 (10th Cir. 2005) (applying *Haddock* to nonexertional limitations); *Poppa v. Astrue*, 569 F.3d 1167, 1173 (10th Cir. 2009) (noting that SSR 00-4p "requires that an ALJ must inquire about and resolve any conflicts between a [VE's] testimony regarding a job and the description of that job in the [DOT]").

Additionally and contrary to the VE's testimony and the ALJ's limitations, the DOT defines the job of cleaner as requiring "occasional" stooping, kneeling and crouching, *see* DICOT §323.687-01, and defines the job of hand mounter as requiring "occasional" stooping, *see* DICOT § 976.684-018. The ALJ failed to ask the VE to reconcile this conflict, however, and the ALJ therefore again committed error in violation

7

of this court's holding in *Haddock*. Although these unresolved conflicts as to the postural limitations would have been harmless error if there were no other conflicts, they are not harmless here because questions also remain as to the four remaining jobs identified. *See Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding any error on whether claimant could perform job was harmless error since there were still two jobs claimant could perform and no "reasonable factfinder could have determined that suitable jobs did not exist in significant numbers in either the region where Ms. Stokes lives or several regions of the country.") [unpublished opinion].

The Commissioner argues that the claimant should have questioned the VE about any discrepancies at the administrative hearing and that he therefore failed to meet his burden of proof as to disability. *See Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005) ("We have held that where the claimant offers no evidence contrary to the VE's testimony, the claimant fails to meet his burden of proof under the fifth step of the disability analysis."). But unlike the practice in the Fifth Circuit, in *this circuit* the ALJ must resolve any apparent conflict between the VE's testimony and the DOT. *See Burns v. Barnhart*, 312 F.3d 113, 126 n.8 (3rd Cir. 2002) (discussing Circuit split); *compare Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) ("To the extent that there is any implied or indirect conflict between the [VE's] testimony and the DOT in this case . . . the ALJ may rely upon the [VE's] testimony provided that the record reflects an adequate basis for doing so.") *and Jones v. Apfel*, 190 F.3d 1224, 1229-1230 (11th Cir. 1999) ("We agree with the Sixth Circuit that when the VE's testimony conflicts with the DOT, the VE's testimony 'trumps' the DOT."), *with Smith v. Shalala*, 46 F.3d 45, 47 (8th cir.

1995) ("[W]hen expert testimony conflicts with the DOT, the DOT controls.") *and Haddock*, 196 F.3d at 1091 ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary [of Occupational Titles] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

Accordingly, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings. On remand, the ALJ should resolve any conflicts between the VE's testimony and the DOT and determine what impact, if any, such resolution has on the issue of the claimant's disability.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 7th day of September, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma